IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 19 1998
NANCY DOHERTY, CLERK
By _____
Deputy

UNITED STATES OF AMERICA

V.

GORDON MAURICE LeBLANC, SR., (1)
GUY W. JONES    (2)

CRIM. NO. 07-3547-Turnoff

398-CR-105-R

**SEALED**

The Grand Jury charges:

## INTRODUCTION

1. During the period covered by this Indictment:

(a) Marsupial Agency Limited, hereinafter referred to as Marsupial, and Agape Company Limited, hereinafter referred to as Agape, were investment groups in Dallas, Texas;

(b) The Bank of Nevis, Charlestown, Nevis, West Indies, maintained in its name, account no. 8900041005, at the Bank of New York, New York, New York;

(c) GCL Financial Network, Inc., hereinafter referred to as GCL, was a Nevada corporation, with a place of business in Daly City, California;

196C-DL-77152--15.6



INDICTMENT - Page 1

(d) GCL maintained, in its name, account no. 1188122956, at Great Western Bank, Daly City, California;

(e) Acacia Holding Company, Inc., hereinafter referred to as Acacia, was a Nevada corporation, with a its place of business in Scottsdale, Arizona;

(f) Acacia maintained, in its name, with defendant GORDON MAURICE LeBLANC, SR. as the only signatory, account no. 2155150009626, at First Union National Bank of Florida, Jacksonville, Florida; and

(g) Defendant GORDON MAURICE LeBLANC, SR., was President of Acacia and with defendant GUY W. JONES, operated Acacia.

2. Beginning as early as October 1, 1995, and continuing at least until February 28, 1998, the exact dates being unknown to the Grand Jury, in the Dallas Division of the Northern District of Texas, and elsewhere, defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, unlawfully, knowingly and willfully devised, intended to devise, joined and participated, with others, in a joint scheme and artifice to defraud and to obtain money, by means of false and fraudulent pretenses, representations and promises, from persons throughout the United States, hereinafter referred to as investors and their representatives, who could be and were fraudulently induced to

invest money in trading programs with defendant GORDON MAURICE LeBLANC, SR., through GCL.

3. It was part of the aforesaid joint scheme and artifice that defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, directly and indirectly, solicited persons to invest money with, and through defendants by misrepresenting that such money was to be pooled with other investors' funds, and used to participate in trading programs involving the development of oil and gas reserves in Northern Mexico, and other investments.

4. It was further part of the aforesaid joint scheme and artifice that:

   (a) Defendant GORDON MAURICE LeBLANC, SR., directly and through GCL, touted to potential investors and their representatives, the substantial potential profits and rates of return they could make through his trading programs;

   (b) Defendant GORDON MAURICE LeBLANC, SR., offered potential investors, through their representative, the opportunity to participate in lucrative trading programs; and

   (c) Defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, received investor's funds for participation in their trading programs.

5. It was further part of the aforesaid joint scheme and artifice that defendants GORDON MAURICE LeBLANC, SR., and GUY W.

INDICTMENT - Page 3

JONES, knowingly and willfully made, and caused to be made, false and fraudulent representations, pretenses and promises, which they knew were false and fraudulent when made, including the following:

(a) That the Cedalise Corporation, Ltd., hereinafter referred to as Cedalise, was a legitimate company incorporated in Taiwan;

(b) That investor funds would be placed in trading programs that would generate substantial profits and returns for investors;

(c) That profits and returns generated from the trading programs would be disbursed to investors at least monthly after the first payment;

(d) That investor who invested $240,000 would receive a payment of $1,000,000 as soon as the trading program had been initiated and was generating profits/returns;

(e) That investor who invested $240,000 would receive $500,000 a month for twelve months;

(f) That investor who invested $240,000 would receive $21,395,498 in the thirteenth month after the first payment;

(g) That investors would receive a Custodial Safekeeping Receipt for the funds to be placed in the program;

(h) That Corporate Guarantees issued by Cedalise guaranteed the return of investors' principal; and

INDICTMENT - Page 4

(i) That the first disbursement to investors would be by January 15, 1996.

6. It was further part of the aforesaid joint scheme and artifice that defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, in making representations to prospective investors, and in causing such representations to be made, omitted and failed to disclose material facts regarding themselves and the trading programs, including the following:

(a) That Cedalise was a fictitious entity;

(b) That investor funds had not been, and would not be, invested in trading programs; and

(c) That their trading programs did not exist.

7. It was further part of the aforesaid joint scheme and artifice that defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, for the purpose of lulling investors, made false and fraudulent representations to investors and their representatives regarding the status, availability and disposition of their investments and returns on investments.

8. It was further part of the aforesaid joint scheme and artifice that defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, misapplied, and converted to their own use, and the use of others, money received from investors for participating in their trading programs.

9. It was further part of the aforesaid joint scheme and artifice that defendants GORDON MAURICE LeBLANC, SR., and GUY W.

INDICTMENT - Page 5

JONES, used the United States mails, interstate telephone services, and interstate courier services in executing and carrying out the aforesaid joint scheme and artifice.

## COUNTS 1-6

1. The Grand Jury hereby adopts, realleges and incorporates by reference herein, all allegations set forth in the Introduction of this Indictment.

2. On or about the dates set forth below, in the Dallas Division of the Northern District of Texas, and elsewhere, defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, for the purpose of executing and carrying out the aforesaid joint scheme and artifice, and attempting to do so, did knowingly and willfully cause to be transmitted, in interstate commerce, by means of wire and radio communications, certain writings, signs, signals and sounds constituting a facsimile transmission of an Equity Agreement regarding investment, in the amount indicated, in trading programs with defendant GORDON MAURICE LeBLANC, SR., from Guillermo Mateo, Jr. of GCL, in the State of California, at telephone number (415) 994-6100, to Salvador C. Capuli, in the City of Duncanville, in the State of Texas, at telephone number (214) 371-4645, each such facsimile transmittal constituting a separate count of this Indictment.

| COUNT | DATE     | AMOUNT       |
|-------|----------|--------------|
| 1     | 12/04/95 | $240,000.00  |
| 2     | 12/07/95 | $240,000.00  |
| 3     | 12/07/95 | $240,000.00  |
| 4     | 12/10/95 | $120,000.00  |
| 5     | 01/07/96 | $240,000.00  |
| 6     | 01/07/96 | $120,000.00  |

Each in violation of Title 18, United States Code, Section 1343.

## COUNTS 7-8

1. The Grand Jury hereby adopts, realleges and incorporates by reference herein, all allegations set forth in the Introduction of this Indictment.

2. On or about the dates set forth below, in the Dallas Division of the Northern District of Texas, and elsewhere, defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, for the purpose of executing and carrying out the aforesaid joint scheme and artifice, and attempting to do so, knowingly and willfully caused to be transmitted, in interstate commerce, by means of wire and radio communications, certain writings, signs, signals and sounds constituting a wire transfer of funds and money from the indicated sender, and on behalf of investors, in the amounts set forth below, from NationsBank, N.A. - Texas, in the City of Dallas, in the State of Texas, to the Bank of New York, in the

State of New York, for deposit into account no. 8900041005, in the name of the Bank of Nevis, for credit to account no. 295191, at the Bank of Nevis, each such wire transfer constituting a separate count of this Indictment.

| COUNT | DATE | SENDER | AMOUNT OF TRANSFER |
|---|---|---|---|
| 7 | 12/11/95 | Marsupial | $600,000.00 |
| 8 | 01/03/96 | Agape | $360,000.00 |

Each in violation of Title 18, United States Code, Section 1343.

### COUNT 9

1. The Grand Jury hereby adopts, realleges and incorporates by reference herein, all allegations set forth in the Introduction of this Indictment.

2. On or about December 26, 1995, in the Northern District of Texas, and elsewhere, defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES for the purpose of executing and carrying out the aforesaid joint scheme and artifice, and attempting to do so, did knowingly and willfully cause a letter to be delivered by Federal Express, a commercial interstate carrier, from Guillermo Mateo, Jr., at 1272 Southgate Ave., Daly City, California, to Salvador C. Capuli, at 1047 Lansdale Dr., Duncanville, Texas, 75116, said envelope containing four (4) fraudulent Corporate Guarantees ostensibly issued by Cedalise, signed by and from defendant GORDON MAURICE LeBLANC, SR..

In violation of Title 18, United States Code, Section 1341.

INDICTMENT - Page 8

## COUNT 10

1. The Grand Jury hereby adopts, realleges and incorporates by reference herein, all allegations set forth in the Introduction of this Indictment.

2. On or about October 20, 1995, in the Dallas Division of the Northern District of Texas, and elsewhere, defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, aided and abetted by each other, for the purpose of executing and carrying out the aforesaid joint scheme and artifice, and attempting to do so, knowingly and willfully, caused to be transported in interstate commerce, two (2) cashier's checks, in the amount of $180,000 and $60,000, each payable to Salvador C. Capuli, which were for investment in the aforesaid trading programs, and which checks were personally carried by Salvador C. Capuli, from the City of Dallas, in the State of Texas, and hand delivered to Guillermo Mateo, Jr., in State of California, for further transfer to defendant GORDON MAURICE LeBLANC, SR., knowing the same to have been taken by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT 11

1. The Grand Jury hereby adopts, realleges and incorporates by reference herein, all allegations set forth in the Introduction of this Indictment.

2. From in or about November 1995 until in or about July 1996, the exact dates being unknown to the Grand Jury, in the Dallas Division of the Northern District of Texas, and elsewhere, defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, in connection with the offer and sale of securities, to wit: investment agreement evidenced by Equity Agreements issued by GCL and Corporate Guarantees issued by Cedalise, by the use of transportation and communication in interstate commerce, and by the use of the mails, directly and indirectly, employed the aforesaid joint scheme and artifice, and obtained money by means of untrue statements of material facts, and omissions of material facts, necessary in order to make statements made in light of the circumstances under which they were made, not misleading, and did engage in transactions, practices and course of business which operated as a fraud and deceit upon the purchasers, to wit: persons who invested money with defendant GORDON MAURICE LeBLANC, SR., in violation of Title 15, United States Code, Sections 77q(a) and 77x.

## COUNTS 12-18

1. The Grand Jury hereby adopts, realleges and incorporates by reference herein, all allegations set forth in the Introduction of this Indictment.

2. For the purpose of carrying on the conduct alleged below, defendants GORDON MAURICE LeBLANC, SR. and GUY W. JONES, caused a person, known to the Grand Jury;

   (a) to form Zurich Financial Group in the Federation of St. Kitts and the Island of Nevis, West Indies; and

   (b) to open account no. 295191 in the name of Zurich Financial Group at The Bank of Nevis, Charlestown, Island of Nevis, West Indies.

2. On or about the dates set forth below, in the Dallas Division in the Northern District of Texas, and elsewhere, defendants GORDON MAURICE LeBLANC, SR., and GUY W. JONES, aided and abetted by each other, did knowingly and willfully cause a financial transaction to be conducted, affecting interstate commerce, involving a monetary instrument, to wit: defendants caused the transfer of funds, by and through a financial institution, by causing funds, which had originated from Dallas, Texas, in the amounts set out below, to be wire transferred from account number 8900041005, at the Bank of New York, in the State of New York, which were debited from account no. 295191, at the Bank of Nevis, to Acacia's account no. 2155150009626, at First Union National Bank, in Jacksonville, Florida, which involved the

**INDICTMENT - Page 11**

proceeds of specified unlawful activity, that is mail fraud, wire fraud, and interstate transportation of money taken by fraud, in violation of Title 18, United States Code, Sections 1341, 1343, and 2314, respectively, and fraud in the sale of securities, in violation of Title 15, United States Code, Sections 77q(a) and 77x, the substance of which is more particularly set forth in the Introduction and in Counts 1-11, of this Indictment, which are realleged and incorporated by reference herein, knowing that such transfer of funds was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the funds believed to be the proceeds of unlawful activity, and while conducting such financial transaction, knew that the property involved in the financial transaction; that is, the wire transfers in the amounts set out below, represented the proceeds of some form of unlawful activity, each such transaction constituting a separate count of this Indictment.

| COUNT | DATE | AMOUNT OF TRANSFER |
|---|---|---|
| 12 | 11/29/95 | $15,000.00 |
| 13 | 12/07/95 | $97,000.00 |
| 14 | 12/13/95 | $250,000.00 |
| 15 | 12/18/95 | $100,000.00 |
| 16 | 01/08/96 | $160,000.00 |
| 17 | 01/22/96 | $200,000.00 |
| 18 | 04/09/96 | $200,000.00 |

Each in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

A TRUE BILL

_(signature)_
FOREMAN

PAUL E. COGGINS
United States Attorney

_(signature)_

LEONARD A. SENEROTE
Assistant United States Attorney
Texas State Bar No. 18024700
1100 Commerce St., Suite 300
Dallas, Texas 75242-1699
(214) 767-0951

_(signature)_

ANN C. FIELDER
Special Assistant U. S. Attorney

INDICTMENT - Page 13