UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
07-3547-TURNOFF

UNITED STATES OF AMERICA

v.

GORDON MAURICE LEBLANC,

Defendant.
_____

**DETENTION ORDER**

On January 4, 2008, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) in the above-entitled case to determine whether the defendant, GORDON MAURICE LEBLANC, should be detained prior to trial.

**I.   Detention**

Having considered the factors enumerated in 18 U.S.C. § 3142(g), the proffer of testimony made by the government, the testimony of Federal Bureau of Investigation Special Agent Timothy Neylan, the arguments made by the defense, and the nature of the charges as contained in the indictment, this Court finds that no condition or combination of conditions will reasonably assure the defendant's appearance as required. Therefore, it is ordered that LEBLANC shall be detained until his trial.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1.   LEBLANC is charged in an indictment from the Federal Grand Jury in the Northern District of Texas dated March 19, 1998 with mail fraud, wire fraud, and securities fraud in violation of Title 18, United States Code, Sections 1343 (8 counts),

1341 (1 count), 2314 (1 count), 1956(a)(1)(B)(I) (7 counts) and in violation of Title 15, United States Code, Section 77q(a) (1 count)

2. The indictment, for which a grand jury found probable cause, charges that LEBLANC and indicted co-conspirator Guy Jones operated an investment scheme in which LEBLANC and Jones made material false representation and omissions to investors regarding alleged oil and gas operations in New Mexico and other alleged investment trading programs. Operating as GCL Financial Networks, Inc. and other entities, LEBLANC and Jones falsely represented to investors that they could make substantial profits by investing in the programs the defendants offered. Through their fraudulent offerings, the defendants raised several million dollars from investors who were located in the Northern District of Texas and throughout the United States.

3. Immediately prior to the return of the indictment described above, LEBLANC went into hiding, severing contact with friends and family and eluding law enforcement efforts to locate him. He successfully eluded law enforcement efforts to find him from March of 1998 until December of 2007.

4. Despite the government's repeated and diligent efforts to locate LEBLANC during that time—including repeated credit, criminal, and other record checks; and repeated contact with family and known associates—it has been unable to do so. During that time, LEBLANC has not applied for Medicare, Medicaid, nor Social Security. Neither has he applied for any credit cards or any other form of credit. He has apparently avoided contact with his family and with his attorney during that time and has refused entreaties they have made to turn himself in to law enforcement

officials in those instances when they have been able to contact him.

5. LEBLANC was charged in 1967 for attempting to flee judicial process.

Based upon the above findings of fact, supported by a preponderance of the evidence, this Court has concluded that LEBLANC is a risk of flight. This Court specifically finds there are no conditions or combination of conditions which would reasonably assure the defendant's future presence in court.

The Court hereby directs that:

a. Defendant be detained without bond;

b. Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

c. Defendant be afforded reasonable opportunity for private consultation with counsel;

d. On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined, shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

e.  This hearing may be reopened if, at any time before the final hearing, the Defendant presents information not known at the time of the hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the Defendant's presence as required.

DONE AND ORDERED at Miami, Florida this 23rd day of January, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE